IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFREDO GONZALEZ,                          No  C  04-0107  VRW

    Plaintiff,                          AMENDED ORDER

  v

P J DENT,

    Defendant.

_____/

        On July 25, 2007, this matter came on for hearing on plaintiff's motion to compel responses to subpoenas served on third party California Department of Corrections and Rehabilitation ("CDCR"). Doc #127. The court also heard argument on CDCR's motion to quash those same subpoenas, Doc ##167, 177, and on Defendant P J Dent's motion to quash those subpoenas insofar as they seek information from his personnel file. Doc #131. The court found that the subpoenas were overbroad and directed counsel for the parties and counsel for CDCR to meet and confer in an effort to narrow the requests. Doc #186. The court further directed the parties to report to the court on their efforts by

joint letter. Id. The court is in receipt of a letter, dated August 6, 2007 and signed on behalf of all parties, enumerating plaintiff's narrowed requests as well as the remaining objections of Dent and CDCR. Doc #187.

The court finds that plaintiff's requests remain overbroad. The only issues for trial are those described in section B 2 of the court's summary judgment order. Doc #99 at 11-16. Accordingly, the court rules on the remaining objections as follows:

1.   Plaintiff's Narrowed Request No 1

Plaintiff seeks documents "related to job performance, training, bias and honesty" of Dent. Dent agrees to the production of several categories of documents, which the court will not repeat here. Dent objects, however, to production of "documents reflecting an investigator's opinions as to whether defendant did or did not use excessive force, did or did not retaliate or was or was not honest." Dent's objection is SUSTAINED. Such documents are protected by the work product doctrine. FRCP 26(b)(3). Moreover, prior incidents are, of course, not admissible to show a propensity on the part of the defendant officer to behave in a manner which allows him to use unnecessary force on an inmate. See FRE 404(b).

CDCR agreed to provide, under a protective order, the names, addresses and telephone numbers of all witnesses, investigators and other persons involved with responsive documents. The court is satisfied that CDCR's offer fulfills its obligations in regards to plaintiff's request.

2

**2.   Plaintiff's Narrowed Request No 2**

Plaintiff seeks "documents related to the job performance, bias and honesty of percipient witness correctional officers."  The court DENIES this request in its entirety.  Claims against correctional officers other than Dent have been eliminated from the case.  See Doc #99 at 16 n1.

**3.   Plaintiff's Narrowed Request No 3**

Plaintiff seeks "documents related to the competence and honesty of treating medical personnel."  The court DENIES this request in its entirety.  Claims against medical personnel are no longer in this case.  See Doc #99 at 16-18.

**4.   Plaintiff's Narrowed Requests Nos 4 and 6**

Plaintiff seeks various "policy and procedure" documents including those relating to transportation of inmates between prisons, inmate segregation by gang affiliation or race, use of force policies and methods used to control or restrain inmates. Plaintiff also seeks documents related to the transportation of plaintiff to SVSP, such as the names of inmates on the bus and the bus log.  Dent takes no position with regard to these requests. CDCR agrees to produce policy, procedure and training documents pertaining to use of force on inmates, interaction with inmates following filing of a grievance and investigation of use of force complaints.  CDCR objects that any further discovery is "not relevant to this excessive force case and is too remote to the issue to be subject to discovery."  The court agrees.  Plaintiff's

3

claim that he was somehow "set up" to encounter a rival gang member has been eliminated. See Doc #99 at 8-11.

**5.   Plaintiff's Narrowed Request No 5**

Plaintiff seeks documents relating to the January 24, 2002 incident including investigations as well as reports and documents relating to the staffing of personnel involved in transportation of inmates between prisons, processing of inmates and provision of medical care. Dent objects to production of documents reflecting an investigator's opinions whether Dent did or did not use excessive force. Dent's objection is SUSTAINED for reasons discussed above. CDCR maintains that discovery should be limited to plaintiff's grievances associated with the January 24, 2002 incident. The court agrees. The issues for trial relate solely to the excessive force allegedly used against plaintiff by Dent.

Accordingly, for reasons given above, the remaining objections raised by Dent and CDCR are SUSTAINED. Furthermore, appointed counsel is ORDERED to appoint one, but only one, lawyer to conduct all work in the representation of plaintiff.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge